# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

ORR WATER DITCH CO.,, *et al.*,

    Defendants.

In Re: Nevada State Engineer Ruling No. 5747

Case No. 3:73-cv-00018-LDG

**ORDER**

    Petitioner Pyramid Lake Paiute Tribe has suggested (#63) that this matter be remanded to the State Engineer for further proceedings consistent with the decision of the Ninth Circuit in *United States v. Orr Water Ditch Co.,* 600 F.3d 1152 (2010). The State Engineer and Grand Slam Enterprises, LLC oppose the suggestion (## 64, 65).

    In its decision, the Ninth Circuit ruled that this Court has jurisdiction to hear the Tribe's appeal of the State Engineer's ruling. The Circuit Court observed:

> The district court was asked to decide only one question on appeal: Will the Engineer's allocation of groundwater rights adversely affect the Tribe's rights under the Decree? If the court concludes that the allocation will have an

adverse effect on the Tribe's decreed rights, it will instruct the Engineer to reduce the amount of allocated groundwater rights by an amount necessary to eliminate that effect.  If the court concludes that the allocation will not adversely affect the Tribe's decreed rights, it will simply affirm the Engineer's ruling.

The Circuit Court recognized that it is the duty of this court to resolve the question raised by the Tribe in its appeal: whether the Engineer's allocation of groundwater rights in Ruling 5747 will adversely affect the Tribe's rights under the Decree?  The Court will not pre-judge that issue, and remand to the State Engineer, merely because the Circuit Court also held that "the Orr Ditch Decree forbids groundwater allocations that adversely affect the Tribe's decreed rights to water flows in the river."  This additional holding does not, as a matter of law, establish that the State Engineer's allocation of groundwater rights in Ruling 5747 adversely affected the Tribe's rights under the Decree.

As both the State Engineer and the Tribe have agreed to stay this matter pending resolution of the Tribe's Petition for Judicial Review that it filed in state court, the court will not enter a briefing schedule, but will stay any further consideration of this matter.

Accordingly, for good cause shown,

THE COURT **ORDERS** that the Pyramid Lake Paiute Tribe's Suggestion of Further Remand (#63) is DENIED;

THE COURT FURTHER **ORDERS** that the joint suggestion of the Pyramid Lake Paiute Tribe and the State Engineer to stay this matter is GRANTED.  This matter is STAYED pending the Second Judicial District Court's resolution of the Pyramid Lake Paiute Tribe's Petition for Judicial Review;

THE COURT FURTHER **ORDERS** that within 90 days, and every 90 days thereafter, the Pyramid Lake Paiute Tribe shall file a status report regarding its Petition for Judicial Review before the Second Judicial District Court.  Further, the Pyramid Lake

1 | Paiute Tribe shall promptly notify the Court of the Second Judicial District Court's resolution
2 | of the Pyramid Lake Paiute Tribe's Petition for Judicial Review.
3 | DATED this ____ day of August, 2010.

_____
Lloyd D. George
United States District Judge